UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREA K.,[1] | ) |
| | ) No. 19 CV 1682 |
| Plaintiff, | ) |
| | ) |
| v. | ) Magistrate Judge Young B. Kim |
| | ) |
| ANDREW M. SAUL, Commissioner of Social Security, | ) |
| | ) |
| | ) February 1, 2021 |
| Defendant. | ) |

## MEMORANDUM OPINION and ORDER

On August 17, 2020, the court remanded the decision of the administrative law judge ("ALJ") denying Andrea K.'s ("Andrea") applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Andrea now seeks an award of attorney's fees as a prevailing party under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the following reasons, the motion is denied:

## Background

Andrea applied for DIB and SSI in June 2015 and July 2017, alleging that as of December 30, 2014, she was disabled by depression, panic attacks, anxiety, and a left knee disorder. (Administrative Record ("A.R.") 10.) After the Commissioner denied her applications initially and upon reconsideration, (id. at 103, 118), Andrea sought and was granted a hearing before an ALJ, (id. at 132-48). Following the

---

[1] Pursuant to Internal Operating Procedure 22, the court uses only the first name and last initial of Plaintiff in this opinion to protect her privacy to the extent possible.

hearing, the ALJ issued a decision finding that Andrea is not disabled. (Id. at 10-19.) When the Appeals Council declined Andrea's request for review, she sought judicial review in this court. The parties consented to the court's jurisdiction, *see* 28 U.S.C. § 636(c); (R. 6), and filed cross-motions for summary judgment.

Andrea argued in her motion that the ALJ erred in conducting the symptom assessment, weighing the medical opinion evidence, evaluating the paragraph B criteria at step three, and assessing the residual functional capacity ("RFC"). (R. 15, Pl.'s Summ. J. Mem.) The court rejected all of Andrea's contentions, except for the aspect of the RFC addressing "incidental and superficial" interactions. (R. 30, Mem. Op. at 22-24.) The court found such limitation insufficient because the RFC accounted for only the quality and not the quantity of interactions. (Id.) Reviewing psychologists had limited the quantity of Andrea's contacts to "few social demands" and the ALJ did not explain why she departed from this recommendation. (Id. at 23-24.) The court therefore found that remand was required. (Id.)

Andrea now seeks an award of $11,935.16 in attorney's fees associated with prosecuting this case. (R. 34, Pl.'s Mot. at 3.) Her request is based on 57.3 attorney hours billed at an hourly rate of $205.97, and 1.4 legal assistant hours billed at an hourly rate of $95. (Id.; R. 34-1, EAJA Itemization of Time.)

## Analysis

Andrea argues that as a prevailing party under the EAJA, she is entitled to an award of attorney's fees. (R. 34, Pl.'s Mot. at 1.) The government contests

2

Andrea's request for fees, arguing that its litigation position was "substantially justified," thereby precluding Andrea from collecting fees. (R. 36, Govt.'s Resp.) In a case by or against the United States, the EAJA allows the court to award attorney's fees to a prevailing party "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A); *Conrad v. Barnhart*, 434 F.3d 987, 989 (7th Cir. 2006). The government bears the burden of demonstrating that its position was substantially justified. *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). That burden extends both to its litigation position before the court and the agency's prelitigation conduct. *Cummings v. Sullivan*, 950 F.2d 492, 496 (7th Cir. 1991). Whether the government's litigation position is substantially justified is a question not easily pinned down with precise rules or generalizations. *See Pierce v. Underwood*, 487 U.S. 552, 562, 565 (1988). The relevant inquiry is whether the position has a "reasonable basis both in law and fact." *Id.* (quotation and citation omitted). Under this standard, even a position that is incorrect may be substantially justified "if a reasonable person could think it correct." *Id.* at 566 n.2.

In fleshing out the "substantial justification" standard, the Seventh Circuit has clarified that the government's position in a social security case "may be substantially justified even if it turns out to be completely wrong," and that "it typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified." *Bassett v. Astrue*, 641 F.3d 857, 859-60 (7th Cir. 2011). Examples of potentially unjustified positions arise

3

when the ALJ ignores or mischaracterizes significant evidence or where the government defends the ALJ's decision based on contentions that courts have rejected. *Id.* at 860; *see also Stewart*, 561 F.3d at 684-85; *Golembiewski v. Barnhart*, 382 F.3d 721, 724-25 (7th Cir. 2004). Where a case presents a close call, that factor in and of itself weighs in favor of a finding of substantial justification. *See United States v. Thouvenot*, 596 F.3d 378, 384 (7th Cir. 2010).

Here Andrea qualifies as a "prevailing party" under the EAJA because the court remanded her claim for further consideration. *Suide v. Astrue*, 453 Fed. Appx. 646, 648 (7th Cir. 2011). But an award of attorney's fees is not warranted because the government has satisfied its burden of showing that its litigation position was substantially justified. *See Cummings*, 950 F.2d at 498. In its 27-page ruling covering four primary issues raised by Andrea, the court agreed with Andrea's contentions on only one sub-issue. (R. 30, Mem. Op. at 22-24.) As explained above, that sub-issue related to the ALJ's articulation of limitations relating to social interactions. Whereas reviewing psychologists opined that Andrea was limited to work with "few social demands," the ALJ limited Andrea to "incidental and superficial contact with co-workers, supervisors, and the public," without explaining why she deviated from the phrasing used by the agency consultants. (Id.) As a result, the court found that the ALJ failed to assess the quantity of Andrea's interactions, necessitating a remand. (Id.)

Given the narrow basis on which the court remanded this case, the court cannot say that the government's defense of the ALJ's decision lacked a reasonable

4

basis in law or fact. *See Cummings*, 950 F.2d at 498. To the contrary, the fact that the quality-versus-quantity of contacts sub-issue was the only meritorious argument raised by Andrea supports a finding of substantial justification. *See Stewart*, 561 F.3d at 683 (noting that "EAJA fees are not determined by the number of successful arguments, but a party's success on a single claim will rarely be dispositive of whether the government's overall position was substantially justified"). Accordingly, the court concludes that the government's position in defending the ALJ's decision was substantially justified.

## Conclusion

For the foregoing reasons, Andrea's motion for attorney's fees is denied.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**

5